**IN THE UNITED STATES DISTRICT COURT
IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| PIPE FITTERS' RETIREMENT FUND, LOCAL 597; ) | |
| PIPE FITTERS' WELFARE FUND, LOCAL 597; ) | A CIVIL ACTION |
| PIPE FITTERS TRAINING FUND, LOCAL 597; ) | |
| CHICAGO AREA MECHANICAL CONTRACTING ) | |
| INDUSTRY IMPROVEMENT TRUST; ) | CASE NO.: 15-cv-10811 |
| PIPE FITTERS' INDIVIDUAL ACCOUNT and ) | |
| 401(K) PLAN; ) | |
| THE PIPE FITTERS' ASSOCIATION, LOCAL 597 ) | JUDGE: |
| U.A.; and ) | |
| PIPE FITTING COUNCIL OF GREATER ) | |
| CHICAGO, ) | MAG. JUDGE: |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| TITAN MECHANICAL, LLC, an Illinois Limited ) | |
| Liability Company, ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT**

Now come Plaintiffs, the PIPE FITTERS' RETIREMENT FUND, LOCAL 597, *et al.,* by and through their attorneys, JOHNSON & KROL LLC, complaining of the Defendant, TITAN MECHANICAL, LLC ("TITAN MECHANICAL"), an Illinois Limited Liability Corporation, and allege as follows:

**JURISDICTION AND VENUE**

1. This action arises under Sections 502 and 515 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") (29 U.S.C. §§ 1132 and 1145) and Section 301 of the Labor-Management Relations Act (29 U.S.C. § 186). The Court has jurisdiction over

1

        the subject matter of this action pursuant to 29 U.S.C. §§ 1132(e)(1) and 28 U.S.C. § 1331.

2.    Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) in that the PIPE FITTERS' RETIREMENT FUND, LOCAL 597, the PIPE FITTERS' WELFARE FUND, LOCAL 597, the PIPE FITTERS' INDIVIDUAL ACCOUNT and 401(K) PLAN and the PIPE FITTERS' TRAINING FUND, LOCAL 597 ("TRUST FUNDS"), are administered at 45 North Ogden Avenue, Chicago, Illinois and pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the Northern District of Illinois, Eastern Division.

**PARTIES**

3.    The Board of Trustees of the TRUST FUNDS is authorized to administer the TRUST FUNDS, which receive contributions from numerous employers pursuant to Collective Bargaining Agreements between the employers and the PIPE FITTERS ASSOCIATION, LOCAL UNION 597, U.A., ("UNION"), and therefore are multi-employer plans under 29 U.S.C. § 1002.

4.    The CHICAGO AREA MECHANICAL CONTRACTORS INDUSTRY IMPROVEMENT TRUST ("INDUSTRY FUND") is an industry improvement fund administered in Burr Ridge, Illinois.

5.    The PIPE FITTING COUNCIL OF GREATER CHICAGO ("PFCGC") is a labor management cooperation committee that is administered in Chicago, Illinois.

6.    The UNION is the bargaining representative of Defendant TITAN MECHANICAL's bargaining unit employees.

7.    The Defendant TITAN MECHANICAL is an Illinois Limited Liability Corporation with its principal place of business located in Joliet, Illinois.

## COUNT I
## BREACH OF CONTRACT

8. Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-7 of this Complaint with the same force and effect as if fully set forth herein.

9. TITAN MECHANICAL is an employer engaged in an industry affecting commerce which entered into a Subscription Agreement whereby it agreed to be bound by the provisions of the Collective Bargaining Agreement negotiated between the UNION and the Mechanical Contractors Association for all times relevant to this action. (A copy of the Subscription Agreement is attached as Exhibit 1); (A copy of the Collective Bargaining Agreement is attached as Exhibit 2).

10. Through the agreements referred to in paragraph 9, the Defendant TITAN MECHANICAL also became bound by the provisions of the Agreements and Declarations of Trust which created the TRUST FUNDS (hereinafter referred to as the "Trust Agreements").

11. Pursuant to the provisions of the Collective Bargaining Agreement and the Trust Agreements, TITAN MECHANICAL is required to make monthly reports of hours worked by Covered Employees and pay contributions to the TRUST FUNDS, the INDUSTRY FUND and the PFCGC for each hour worked pursuant to the Collective Bargaining Agreement at the negotiated rate. The monthly reports and contributions during all times relevant were due on or before the 15th day of the calendar month following the calendar month during which the work was performed.

12. Pursuant to Section 502(g)(2) of ERISA, and the provisions of the Collective Bargaining Agreement and Trust Agreements, employers who fail to submit their monthly Contribution Reports and contributions to the TRUST FUNDS on a timely basis are responsible for the payment of liquidated damages equal to 10% of the amount unpaid and

3

interest at the rate of 1% per month for each month that contributions remain unpaid, plus any reasonable attorney's fees and costs of maintaining suit.

13. Pursuant to the provisions of the Collective Bargaining Agreement and Trust Agreements, employers who fail to submit their monthly Contribution Reports and contributions to the INDUSTRY FUND and the PFCGC on a timely basis are responsible for the payment of liquidated damages equal to 10% of the amount unpaid and interest at the rate of 1% per month for each month that contributions remain unpaid, plus any reasonable attorney's fees and costs of maintaining suit.

14. Pursuant to the Collective Bargaining Agreement, TITAN MECHANICAL is required to deduct UNION dues from its employee's paychecks and remit payment of those dues to the UNION.

15. Pursuant to Article IX, Section 3 of the Trust Agreements, "[e]very employer shall when so required by the Trustees furnish such information and reports as may be necessary to the proper performance of their duties."  (A copy of the PIPE FITTERS' RETIREMENT FUND, LOCAL 597's Trust Agreement is attached as Exhibit 3).

16. In addition, the Trust Agreements define such information to include all "books, records, papers, and reports…necessary in determining the number of hours worked by any/all employees for whom contributions should be made."  (Exhibit 3).

17. In October 2015, the Plaintiffs sought to conduct a closing audit of TITAN MECHANICAL's books and records for the time period of October 1, 2014 to the present.

18. As part of the audit, the Plaintiffs' auditor requested that TITAN MECHANICAL turnover payroll records, tax records, cash disbursement records, and other related income records.

19. TITAN MECHANICAL refused to turn over all of the requested records.

20. As a result of TITAN MECHANICAL's refusal to produce the records and information requested by the auditor, the auditor was unable to properly complete the closing audit.

21. Plaintiffs have been required to employ the undersigned attorneys to collect the monies that are due and owing from TITAN MECHANICAL.

22. Plaintiffs have complied with all conditions precedent in bringing this suit.

23. TITAN MECHANICAL is obligated to pay the reasonable attorney's fees and court costs incurred by the Plaintiffs pursuant to the Collective Bargaining Agreement, Trust Agreements, and 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE**, Plaintiffs pray:

A. That this Court order TITAN MECHANICAL to provide all of the documents necessary to complete a payroll compliance audit for the period if October 2014 through present to the Plaintiffs' payroll compliance auditor;

B. Enter Judgment in favor of the Plaintiffs and against Defendant TITAN MECHANICAL for any and all contributions, liquidated damages, interest and audit fees revealed by the payroll compliance audit;

C. That Defendant TITAN MECHANICAL be ordered to pay the reasonable attorney's fees and costs incurred by the Plaintiffs pursuant to the Collective Bargaining Agreement, Trust Agreements and 29 U.S.C. §1132(g)(2)(D); and

D. That Plaintiffs have such other and further relief as the Court may deem just and equitable all the Defendant TITAN MECHANICAL's cost, pursuant to 29 U.S.C. §1132(g)(2)(E).

Respectfully Submitted,

**JOHNSON & KROL, LLC**

By: /s/ Jeffrey A. Krol - 6300262
One of Plaintiffs' Attorneys

Jeffrey A. Krol
JOHNSON & KROL, LLC
300 South Wacker Drive, Suite 1313
Chicago, Illinois 60606
(312) 757-5465